## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

## SHERMAN DIVISION

## CASE NO.:

SERGIO FACUNDO,
on behalf of himself and all
others similarly situated and
JUAN MARTINEZ,

       Plaintiffs,

vs.

GANT CONTRACTORS, INC. and
PAUL E. GANT,

      Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, SERGIO FACUNDO, on behalf of himself and all others similarly situated and

JUAN MARTINEZ,  individually (Collectively "Plaintiffs) and through counsel, sue Defendant,

GANT CONTRACTORS, INC.   (Hereinafter "Gant Contractors") and Defendant, PAUL E.

GANT (Hereinafter "Gant") allege the following:

## NATURE OF THE COMPLAINT

1.      Plaintiff, SERGIO FACUNDO, brings this action against Defendant, GANT

CONTRACTORS, INC.  and PAUL E. GANT for unpaid overtime wages and related

penalties. Plaintiff SERGIO FACUNDO alleges, on behalf of himself and all other similarly

situated hourly employees of Defendants, that Defendants failed and refused to pay

Plaintiffs, and all others similarly situated, the proper overtime pay for time worked in violation

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, Et. Seq.

2.      Plaintiff, JUAN MARTINEZ, joins this action individually against Defendant,

GANT CONTRACTORS, INC. and PAUL E. GANT for unpaid overtime wages and related

penalties and similarly alleges that Defendant failed to pay the proper overtime pay for time

worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, Et. Seq.

3.      Plaintiffs seek declaratory relief, unpaid overtime pay, liquidated and/or

other damages as permitted by applicable law, and attorney's fees, costs, and expenses

incurred in this action.

4.      At all times relevant hereto, Defendants had an illegal practice and policy of

paying overtime non-exempt landscapers at a straight time rate with no overtime premium

paid for hours worked over 40 hours per week.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction pursuant to 28 U.S.C.

§ 1331 because this case is brought under the Fair Labor Standards Act (FLSA), 29

U.S.C. § 201, *et seq.*

6.      The Eastern District of Texas has personal jurisdiction over Defendants because it

is doing business in Texas and in this judicial District.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

substantial part of the events giving rise to the claim occurred in this District.

**A.     Plaintiffs**

8.      Plaintiff, SERGIO FACUNDO, is a resident of this judicial district. Defendant employed Plaintiff as a landscaper from 2011 to December 2014. Ex. A (Opt-in Notice). Plaintiff typically worked 80 or more hours per week and was paid at the straight time rate of $10.00 per hour of all hours worked.

9.      Plaintiff, JUAN MARTINEZ is a resident of this judicial district. Defendant employed Plaintiff as a landscaper from 2011 to September 23, 2014. Ex. B (Opt-in Notice).  Plaintiff typically worked 80 or more hours per week and was paid at the straight time rate of $10.00 per hour of all hours worked.

10.      At all relevant times, Plaintiffs were employee of Defendants for FLSA purposes.

11.      The putative members of the representative action are those current and former employees of Defendant who are similarly situated to Plaintiff; SERGIO FACUNDO (i.e., those who were not paid their regular or statutorily required overtime rate of pay for all hours worked.

**B.     Defendants**

12.      Defendant Gant Contractors is a corporation organized under the laws of the State of Texas and conducts business in said state.

13.      Defendant Gant is a resident of the Eastern District of Texas and at all times material hereto, was the managing agent of Defendant, Gant Contractors; said Defendant acted and acts directly in the interests of the Defendant, Gant Contractors, in relation to said co-Defendant's employees. Defendant effectively dominated Defendant, Gant Contractors administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis

3

its employees and had the authority to direct and control the work of others. Thus, Defendant Gant was an "employer" of the Plaintiffs within the meaning of 29 U.S.C. § 203(d)

14. Upon information and belief, Defendants employed the Named Plaintiff, SERGIO FACUNDO, JUAN MARTINEZ and the putative members in the representative action.

## REPRESENTATIVE ACTION ALLEGATIONS

15. Plaintiff. SERGIO FACUNDO brings this Complaint as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as non-exempt landscape and other hourly employees who have not been compensated at the overtime premium rate for all hours worked in excess of 40 hours per week.

16. This Complaint may be brought and maintained as an "opt-in" collective action, pursuant to 29 U.S.C. § 216(b), for all claims asserted by the Representative Plaintiff because his claims are similar to the claims of the putative plaintiffs of the representative action.

17. The names and addresses of the putative members of this representative action are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## FACTUAL BACKGROUND

18. Defendants failed or refused to pay its employees the proper overtime pay for all hours worked in excess of 40 hours per week.

19.     Management directed and/or was aware of employees not being properly compensated for all hours worked and therefore willfully violated the FLSA.

20.     Up until the present, Defendants routinely employ landscapers and other hourly labor employees and fail to compensate them at the time and half overtime rate.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

21.     Plaintiff, SERGIO FACUNDO, on behalf of himself and all other similarly situated employees of Defendant and JUAN MARTINEZ, reallege and incorporate herein the allegations contained in Paragraphs 1 through 20 as if they were set forth fully herein.

22.     At all relevant times, Defendants have been and continue to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" (i.e. landscape contractor) within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiff SERGIO FACUNDO and each of the putative members of the FLSA representative action who themselves handled goods that had travelled in interstate "commerce."   At all times, Defendant has had gross operating revenues in excess of $500,000.00 per annum.

23.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked in excess of 40 hours per week at time and a half of the employee's regular rate of pay.

24.     Plaintiff SERGIO FACUNDO and the putative members of the FLSA representative action are not exempt from the right to receive the appropriate overtime pay

under the FLSA.

25.    As a result of Defendants' failure to compensate its employees, including Plaintiffs SERGIO FACUNDO and all similarly situated employees and JUAN MARTINEZ at the overtime rate of pay, Defendants have violated—and continue to violate—the FLSA, 29 U.S.C. § 207(a)(1).

## PRAYER FOR RELIEF

26.    Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

27.    Designation of Plaintiff, SERGIO FACUNDO, as Representative Plaintiff of the putative members of the FLSA representative action;

28.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

29.    An award of damages, including liquidated damages, to be paid by Defendants;

30.    Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; Pre-Judgment and Post-Judgment interest, as provided by law; and

31.    Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, SERGIO FACUNDO on behalf of himself and all others similarly situated, and Plaintiff JUAN MARTINEZ hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

Goldberg & Loren, P.A.
3102 Maple Avenue -Suite 450
Dallas, TX 75201
Main Phone:    (954) 585-4878
Facsimile:       (954) 585-4886
E-Mail:           JLoren@Lorenlaw.com


_____
James M. Loren, Esquire
FL Bar No.: 55409

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. §216(b)

Name: _Sergio Facundo_

1.      I hereby consent and agree and opt-in to become a plaintiff in the lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to recover unpaid overtime and/or minimum wage compensation from my _____current / _____former employer. _(Gant contractors Ana, tx. name poll Gant_

2.      I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3.      I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as a class representative if the court approves. If someone else serves as a class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the manner of conducting the litigation, the entering of an agreement with the Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.      In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

5.      I hereby designate the Law Offices of Goldberg & Loren, P.A. to represent me in this action.

Date: _02/11/15_                          _Sergio Facundo_
                                          Signature

Exhibit   "A"

**CONSENT TO JOIN PURSUANT TO 29 U.S.C. §216(b)**

Name: Juan Martinez

1.      I hereby consent and agree and opt-in to become a plaintiff in the lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime and/or minimum wage compensation from my ____current / __X___former employer.

2.      I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3.      I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as a class representative if the court approves. If someone else serves as a class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the manner of conducting the litigation, the entering of an agreement with the Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.      In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

5.      I hereby designate Law Offices of Goldberg & Loren, P.A. to represent me in this action.

Date:  11-2-15                    _____
                                                    Signature

Exhibit "B"